RECEIVED

APR 2 7 2007

ROBERT H. SHEMWELL CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **LOLA BROUSSARD** | **CIVIL ACTION NO. 06-1159** |
| **SHAMEKA PERRO** | |
| **NADEA COMEAUX** | **JUDGE MELANÇON** |
| **VS.** | **MAGISTRATE JUDGE METHVIN** |

**FRED ROBB**
**LIVE OAK MASONIC HOUSING CORP.**
**LIVE OAK MASONIC LODGE #193**

### RECOMMENDATION OF DISMISSAL

*Pro se* plaintiffs Lola Broussard, Shameka Perro, and Nadea Comeaux have failed to comply with several court orders, and failed to appear at a show cause hearing on April 19, 2007. For the reasons set forth below, the undersigned recommends that the plaintiffs' claims be **DISMISSED WITH PREJUDICE** for failure to prosecute under Rule 41(b), and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).

### *Background*

On July 7, 2006, plaintiffs, proceeding *pro se*, filed a complaint alleging that they were residents at Live Oak Manor, an apartment complex located in Abbeville, Louisiana.[1] Plaintiffs contend that on May 24, 2006, they received notice that their gas service was being temporarily turned off, and that more than seven days later, gas service still had not been turned back on; they were denied proper nutrition and sanitary conditions while residents of the facility; and they were forced to purchase fast food to feed themselves. Plaintiffs also contend that they endured sexual

---

[1] Defendant Live Oak Masonic Housing Corporation is a Louisiana non-profit corporation with a board of directors that administers housing for the national organization of Masons in Abbeville, Louisiana. Defendant Live Oak Masonic Lodge #193, an unincorporated fraternal organization, is the local Abbeville chapter of the national organization of Masons. Defendant Fred Robb is a Louisiana Mason associated with Lodge #193.

2

abuse and harassment on a continuous basis. Plaintiffs contend that defendants violated their constitutional rights "to be free and safe in their persons," and seek damages for mental anguish and physical injuries caused by the defendants' actions.

The Rule 26(f) Report mandated by paragraph 3 of the Scheduling Order was due in the undersigned's office on February 9, 2007. On February 22, 2007, when the report had still not been received, the undersigned issued a notice of failure to comply, ordering that counsel for defendants and *pro se* plaintiffs prepare and submit a Rule 26(f) Report to chambers within ten days of the date of the order.[2] The order stated that *"a failure to comply with this order will warrant the imposition of sanctions authorized by F.R.Civ.P. 16(f)."*

On or around March 2, 2007, Bryan Lege, counsel for defendants Fred Robb and Live Oak Masonic Housing Corporation, contacted the undersigned's law clerk, Stacey M. Blanke, and stated that he and Bernard Duhon, counsel for co-defendant Live Oak Masonic Lodge #183, were attempting to obtain plaintiffs' inserts for inclusion in the Rule 26(f) report, but that they were having difficulty obtaining same. Ms. Blanke informed Mr. Lege that the court would allow additional time for defense counsel to obtain the inserts and submit the report.

On March 22, 2007, a Rule 26(f) Report was faxed to chambers by defense counsel Bryan Lege. The report contained the inserts of defendants only and was signed only by defense counsel Bryan Lege and Bernard Duhon. Mr. Lege informed the undersigned's law clerk by telephone on March 22 that *pro se* plaintiffs had been advised that they were required to provide inserts to the report, but that defense counsel had been unable to obtain those inserts.

---

[2] Rec. Doc. 12.

3

The report documented additional problems which defense counsel had with *pro se*
plaintiffs, particularly relating to discovery. In Paragraph 2 of the Report, defense counsel state
that they have attempted to depose the plaintiffs on two occasions. According to the report,
plaintiffs agreed to be deposed on September 7, 2006 (Lola Broussard at 9:00 a.m., Shameka
Perro at 10:00 a.m., and Nadea Comeaux at 11:00 a.m.) but failed to appear until 11:30 a.m. after
defense counsel and the court reporter left after waiting for 2 ½ hours. The depositions were re-
noticed on January 8, 2007 (Lola Broussard at 10:00 a.m., Shameka Perro at 11:00 a.m., and
Nadea Comeaux at 1:00 p.m.). Only Lola Broussard appeared on January 8, but she refused to
testify once there and walked out.[3]

Considering the foregoing, on April 2, 2007, the undersigned issued an Order to Show
Cause and to Set Rule 16 Chambers Conference.[4] This order required plaintiffs to appear in open
court on April 19, 2007 at 9:30 a.m. and show cause why sanctions should not be imposed for
their failure to comply with the court's orders, to appear at their scheduled depositions, and to
fully cooperate in the discovery process. The order also stated, *"Plaintiffs are specifically placed
on notice that one of the possible sanctions is recommendation of involuntary dismissal of their
claims."*

Plaintiffs failed to attend the show cause hearing on April 19. Mr. Leger and Mr. Duhon,
who both attended, advised that they have had no contact with the plaintiffs since January 8,
2007.

---

[3] Mr. Lege stated at the April 19 show cause hearing that although he and Mr. Duhon attempted to schedule
plaintiffs' depositions a third time, because of an administrative error in Mr. Lege's office, notice of the third-
scheduled depositions was not sent to plaintiffs prior to the depositions.

[4] Rec. Doc. 14.

4

### *Legal Analysis*

Fed.R.Civ.P. 16(f) provides for the imposition of sanctions for violations of scheduling

and pretrial orders of the court as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no
> appearance is made on behalf of a party at a scheduling or pretrial conference, or if
> a party or party's attorney is substantially unprepared to participate in the
> conference, or if a party or party's attorney fails to participate in good faith, the
> judge, upon motion or his own initiative, may make such orders with regard
> thereto as are just and among others any of the orders provided in Rule
> 37(b)(2)(B), (C), (D).

As indicated, Rule 16(f) explicitly authorizes dismissal of a claim as an appropriate

sanction, by reference to Rule 37(b)(2)(C). See, e.g., F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th

Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious

disposition of docketed cases. Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX.

1998).

As detailed above, plaintiffs have clearly and intentionally delayed this matter by failing

to comply with this court's orders. To date, plaintiffs have failed to provide inserts to the Rule

26(f) report. Furthermore, plaintiffs have not complied with the court's February 22, 2007 Notice

of Failure to Comply and Order, nor have they complied with the court's April 2, 2007 Order to

Show Cause and to Set Rule 16 Chambers Conference. Furthermore, plaintiffs failed to appear at

the April 19 show cause hearing. This failure to comply is the direct result of plaintiffs' own

actions and inactions.

The record shows that plaintiffs were sent notice of the show cause hearing by both

regular and certified mail.[5] A review of the record shows that plaintiffs Nadea Comeaux and Lola

---

[5] Rec. Doc. 13.

5

Broussard received their notices of the show cause hearing on April 3, 2007, as is evidenced by

their signatures on the return receipts, which were filed into the record on April 4, 2007.[6]

Although plaintiff Shameka Perro's notice of the hearing was returned to the Clerk of Court as

"unclaimed,"[7] the court assumes that Ms. Perro received her copy of the notice by regular mail at

the address she had previously provided to the Clerk of Court. Accordingly, plaintiffs were fully

aware of the hearing set for April 19, the purposes of the hearing, and the ramifications of their

non-compliance with court orders. Despite this, plaintiffs chose to disobey court orders and not

attend the show cause hearing.

The foregoing shows that plaintiffs have willfully refused to comply with court orders and

have exhibited contumacious conduct. Accordingly, dismissal is the appropriate sanction in this

case.

Although dismissal with prejudice is an option, the law favors the resolution of legal

claims on their merits. In re Dierschke, 975 F.2d 181, 183 (5th Cir.1992). Dismissal with

prejudice is an "extreme sanction that deprives the litigant of the opportunity to pursue his

claim." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995). The Fifth Circuit has

articulated the following factors that must be present before a district court may dismiss a case

with prejudice as a sanction for violating that court's orders or rules: 1) the refusal to comply

results from willfulness or bad faith and is accompanied by a clear record of delay or

contumacious conduct; 2) a finding that lesser sanctions would be inappropriate or futile; and 3)

the delay was caused by the plaintiff himself and not his attorney, or there was actual prejudice to

---

[6] See Rec. Docs. 16 & 17.

[7] Rec. Doc. 18.

6

the defendant, or the delay was caused by intentional conduct. Coane v. Ferrara Pan Candy Co.,
898 F.2d 1030, 1032 (5th Cir.1990); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th
Cir.1992) (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir.1986); Callip v. Harris
County Child Welfare Dept., 757 F.2d 1513,1519 (5th Cir. 1985). The district court is "bound to
impose the least severe sanction available." Gonzalez v. Trinity Marine Group, Inc., 117 F.3d
894 (5th Cir. 1997), citing Carroll v. Jacques Admiralty Law Firm, 110 F.3d 290 (5th Cir. 1997).

The undersigned concludes that dismissal with prejudice is warranted in the instant case.
Plaintiffs have clearly indicated their intent not to prosecute these claims. They have disregarded
court orders and deadlines. They have caused opposing counsel to wait hours for them to arrive
at depositions only to either not show up, or to show up and refuse to testify. Lesser sanctions
would therefore be futile in this case. Plaintiffs have clearly demonstrated that they do not intend
to cooperate in the discovery process, and that they will have no regard for court orders requiring
them to do so. The undersigned concludes that the delays that have been caused in this case have
been caused by plaintiffs themselves, and the delays have been caused intentionally. Finally, the
undersigned notes that defendants have been actually prejudiced by plaintiffs' refusal to
participate in the discovery process.

### *Conclusion*

For the foregoing reasons, it is recommended that plaintiffs' claims be **DISMISSED
WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved
by this recommendation have ten (10) business days from service of this report and
recommendation to file specific, written objections with the Clerk of Court. A party may respond

7

to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See _ Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on April 27, 2007

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 4/27/07
BY: CW
TO: Nem
TLM